## J. S. SANDEL V. THE STATE.

No. 18415.   Delivered October 14, 1936.

The opinion states the case.

*Reginald Bracewell* and *E. R. Wright*, both of Huntsville, for appellant.

*Lloyd W. Davidson*, State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—Appellant was convicted of theft of one heifer, and his punishment was assessed at confinement in the state penitentiary for a term of two years.

Appellant's main contention is that the evidence is insufficient to justify and sustain his conviction in that it is not shown that he took the animal with a fraudulent intent. We are inclined to agree with him. The conclusion reached by us is based upon the testimony in the record which, briefly stated, is as follows: the father and mother of appellant separated some fifteen or sixteen years prior to the time of the commission of the offense; that the care, custody, and control of their children, a girl and a boy, was awarded to the mother and the personal property divided between them. In the division of said property three cows went to the father and three to the mother. The mother with the children continued to reside in the same vicinity as the father. The mother gave one of the cows allotted to her in the division of the property to the girl and the father gave one allotted to him to the boy.

The cattle were permitted to run together on the range and the increase was marked and branded in the father's mark and brand. The father sold the cow which he gave to the boy, who is the appellant in this case, after she had raised one steer and three heifers and told the appellant if he ever got in a tight for money, he could sell some of the yearlings. On the 19th day of June, 1935, the appellant requested Herbert Fails to assist him in penning a heifer. They drove her together with some other cattle to the home of Anderson Yates and penned her. The heifer carried the mark and brand of appellant's father. After having penned the heifer the appellant went to see Mr. Chandler, who owned a market in Huntsville, and offered to sell him a heifer. Mr. Chandler went out to Mr. Yates' home, looked at the animal, and purchased it. After he had consummated the trade, he and appellant drove to Fails' house where Chandler requested Fails to tell Yates not to turn the heifer out of the lot as he had purchased her. The testimony shows that this particular heifer had theretofore been sold by the appellant's father to Mr. Rufus Mitchell, of which the appellant had not been informed until after he had sold her to Mr. Chandler; that as soon as he was informed by his father that he, the father, had theretofore sold the heifer to Mr. Mitchell he, the appellant, went to see Mr. Mitchell, told him that he had sold the heifer and offered to give him another heifer in lieu thereof or pay him for her. Mr. Mitchell agreed to take another heifer of the same color, age, and size, but did not want any Jersey. When the appellant within a few months thereafter failed to deliver to Mr. Mitchell another heifer as he had agreed to, this prosecution was instituted. At the trial Mr. Mitchell testified that when he purchased this heifer from appellant's father it was on the range and carried the mark and brand used by the appellant's father; that when the appellant came to him and told him that he had sold the heifer to Mr. Chandler, he further said that he did not know that it was my yearling, that he thought it was his father's. Mr. Mitchell further testified: "I do not suppose appellant knew he was selling my yearling." In order to constitute theft the property must have been taken with a fraudulent intent, which is the gravamen of the offense charged. Does the testimony as above outlined show beyond a reasonable doubt a fraudulent intent on the part of appellant in taking and disposing of the heifer? We think not. Appellant did not know that his father had theretofore sold the heifer to Mr. Mitchell. He did not try to conceal the animal or his connection with the sale thereof.

134

He drove her in the daytime to the home of Mr. Yates, where he penned her and left her until he went with Chandler to Fails' home where Chandler requested Fails to tell Yates not to turn her out of the pen; all of which is inconsistent with a fraudulent intent. Where the facts and circumstances proven at the trial fail to show beyond a reasonable doubt a fraudulent intent on the part of the appellant, it will not sustain a conviction for the offense of theft. Therefore under the law and the authorities hereinafter cited we do not believe that we would be warranted in permitting the verdict of conviction to stand. See McGowan v. State, 27 Tex. App., 183, 11 S. W., 112; Moren v. State, 94 Texas Crim. Rep., 55, 249 S. W., 474; Burns v. State, 121 Texas Crim. Rep., 590, 49 S. W. (2d) 1100; Coleman v. State, 91 S. W. (2d) 1070.

Believing that the verdict is not supported by the evidence, it is, therefore, ordered that the judgment of conviction be, and the same is, reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.